Judge Owsley
delivered the Opinion of tho Court.
This is an appeal from a judgment rendered in favor of Fowler in a scire facias brought by him, to revive and have execution of a decree pronounc» cd in his favor, against Jeremiah Foster, William Fostep, Nathaniel- Foster, William George, Peter Casscty, Thomas Williams, Joseph Staneleft, Samuel .Goodwin, Daniel Goodwin, Philip Williams, Hamilton Elliot, William Dedman, Aaron Hand, Samuel Hand, John Arthur, Sanuiel Wheeler and Eliza. Wheeler.
The defendants, Philip 'Williams, Thomas Williams apt) Daniel Goodwin, appeared and pleaded nut, tiel-record; upon which, issue was joined.
Nathaniel Fostisr. Peter Cassety, Sanuiel Casscty-, Samuel Goodwin, Hamilton Elliott, William Dedman, Samuel Hand, Samuel Wheeler. Eliza Wheel, er; Jeremiah Foster and William George, appeared, and by their consent and the assent of Fowler, an order of court was made, aba ting the spire facias as to them.’
The scire facias was executed upon Staneleft, and the sheriff also made a return thereon, that he had executed it upon Andrew Jones, ter-tenant under Aaron Hand, William Moore, tep-tenant under Thomas Williams, and David Moore, ter-tenant under John Arthur.
None of these last named persons appeared to the scire facias, but after the' issue taken to the plea of mil licl record was decided Gy the court., the record recites' that they made default, and judgment was thereupon rendered, that the plaintiff Fowler, have execution against Joseph Staneleft, Andrew Jones» William Moore, David Moore, Daniel Goodwin, Tilomas Williams and Philip Williams, and that he also recover against them his cost.'
The judgment cannot, we apprehend, he sustained. Though executed upon Jones, David and William Moore, the scire’facias was not against then)* *317 and of course conferred no authority upon the sheriff to warn them to appear. To have authorised the sheriff to execute the scire facias upon them, it was not necessary that they, should have been expressly named in the scire facias; they resided upon the land, and might have been made defendants to the scire facias, by a general description of tcrtenants of the land. But the scire facias is not against any person by the description of ter tenants, sior is it against either of the Moores or Jones by name. Neither of them, therefore, were made defendants to the scire facias,> and although executed upon them, it was erroneous in the court below, to ^ward judgment in favor of Fowler, against them:
If a joint scire facias against several for execution of a. joint judgment or decree be discontinued or abated by plaintiff, as to part of the defendants, judgment cannot be ta.ken against the others-
Triplett for appellant.
Were there, therefore,' no other error in the judgment or proceedings in the court below, (he judgment would have to he reversed. But there is another question raised by the assignment of'errors, which it is proper to notice. The scire facias is a joint one against pll tlie persons therein named, «ind if is contended that it should have been‘discontinued as to all the defendants upon its being, by order of the plaintiff, abated as to part of the defendants. In the case of Coleman against Edwards, 2 Bibb R. 595, it was held not tó Ije regular, to take judgment against one of tvvo joint defendants in a scire facias, which was brought to revive a judg meet, after it had been discontinued as to the other defendant.. The only difference between- that case pnd the present, is, that in this the scire facias brought to have execution of a joint , decree, whereas the scire facias in that case, was brought to have execution of a joint judgment. But the principle must, we apprehend, be the same in both cases; and if it were irregular in that case, to take judgment against one defendant, after the scire facias was .discontinued as to the other, it must bo equally irregular in this case, after the plaintiff had Caused an abatement, of the scire facias as to part of the defendants, to proceed further as to the others.
The judgment must consequently be reversed with cost, the cause remanded to the court below, and the scire facias "dismissed with cost.